UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SEAN RYAN BAYNE,**

      **Plaintiff,**

v.                                                                                          Case No:  6:14-cv-260-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

# MEMORANDUM OF DECISION

Sean Ryan Bayne (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) assigning little weight to certain opinions of his consultative examiner, Dr. Scott Kaplan; 2) assigning little weight to the opinions of his treating physician, Dr. Todd Gates; 3) not complying with Social Security Regulation 85-15; and 4) not finding that he meets Listing 12.04. Doc. No. 19 at 14-25. Claimant argues that the matter should be reversed for an award of benefits, or, in the alternative, remanded for further proceedings. *Id*. at 25. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.      STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which the Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

II. **ANALYSIS.**

  A. **Dr. Kaplan.**

Claimant argues that the ALJ erred in assigning "little weight" to Dr. Kaplan's November 1, 2010 opinion that he "is likely to experience marked impairment with his ability to . . . get along in social settings[.]" Doc. No. 19 at 19-21. Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. In *Winschel v. Comm'r of Soc. Sec.*, 631

F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41). Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Id*. The opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician. *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985). While "the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" and the ALJ articulates his or her reasoning for rejecting the opinion(s). *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (internal quotations omitted).

On November 1, 2010, Dr. Kaplan performed a mental status examination of Claimant. R. 353-55. Dr. Kaplan opined that Claimant "will experience mild impairment with his ability to understand 1 and 2 step tasks." R. 355. Dr. Kaplan further opined that Claimant "is likely to experience marked impairment with his ability to adapt, get along in social settings, and understand complex tasks." *Id*.

At step two of the sequential evaluation process, the ALJ found that Claimant suffers from severe impairments of bipolar disorder, personality disorder with cluster B traits, attention deficit hyperactivity disorder ("ADHD") by history, depressive disorder not otherwise specified, anxiety disorder not otherwise specified, and cannabis abuse in remission. R. 15. At step four of the sequential evaluation process, the ALJ determined that Claimant has a RFC to perform a "full range of work at all exertional levels" with the following nonexertional limitations:

> [T]he claimant can work at jobs containing no more than simple one to two step tasks with few, if any, workplace changes. He can work at jobs that are isolated, defined as having only occasional interaction with supervisors and coworkers and no interaction with the general-public.

R. 17.[1] In reaching this RFC, the ALJ provided an accurate summary of Dr. Kaplan's opinions. R. 18. The ALJ assigned most of Dr. Kaplan's opinion "significant weight." *Id*. However, the ALJ assigned Dr. Kaplan's opinion that Claimant is markedly limited in his ability to "get along in social settings" little weight, explaining:

> [The] overall medical evidence revealed that due to bouts of heightened emotionality and related mood-governed behavior, the claimant appeared capable of interacting and communicating appropriately with others, even if only for discrete periods. The claimant's abilities are adequate for completing familiar, well

---

[1] Based on this RFC, the vocation expert testified that Claimant could not perform his past relevant work, but could perform other work in the national economy, including, but not limited to, a cleaner, assembler, and polisher/finisher. R. 59. At step five of the sequential evaluation process, the ALJ adopted the VE's testimony and concluded that Claimant was not disabled. R. 20-22.

> defined self-care, domestic, and leisure activities. (*see* Exhibit 11F). Based on the foregoing, the [ALJ] concludes that the totality of the evidence reflects that the claimant's social limitations are moderate in nature.

R. 16.[2] Claimant argues that the ALJ erroneously relied on the opinion of a non-examining consultative physician, Dr. Kevin Ragsdale, to assign little weight to Dr. Kaplan's opinion concerning Claimant's ability to socialize. Doc. No. 19 at 20-21.

The ALJ essentially provided two (2) reasons for assigning little weight to Dr. Kaplan's opinion concerning Claimant's ability to socialize. First, the ALJ found that the "overall medical evidence" and the "totality of the evidence" demonstrates that Claimant is, contrary to Dr. Kaplan's opinion, moderately limited in his ability to socialize. R. 16. These statements are conclusory, and do not provide the Court with the requisite specificity to conduct a meaningful review of the ALJ's determination concerning Dr. Kaplan's opinion. *See Winschel*, 631 F.3d at 1178-79.[3] Thus, the ALJ's first reason is not sufficient to assign little weight to Dr. Kaplan's opinion concerning Claimant's ability to socialize. Second, the ALJ relied on the opinion of a non-examining physician, Dr. Ragsdale, to assign little weight to the opinion of an examining physician, Dr. Kaplan. This fact is evident given the near word-for-word similarity between the ALJ's decision and Dr. Ragsdale's opinion, *Compare* R. 16 *with* R. 372,[4] as well as the ALJ's citation to Dr.

---

[2] Although the ALJ provided this explanation at step three of the sequential evaluation process, the ALJ referred to this explanation as the reason he assigned little weight to Dr. Kaplan's opinion concerning social functioning. R. 18.

[3] The Commissioner, in response, cites to certain medical records and Claimant's testimony in support of the ALJ's decision. Doc. No. 20 at 13-14. However, it is not clear whether the ALJ relied on the evidence cited by the Commissioner, and the Court will not presume that she did. *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). Consequently, while it appears the ALJ had specific evidence in mind when she determined that Claimant is moderately limited in social functioning, the failure to cite to such evidence hinders the Court's ability to conduct a meaningful review.

[4] Specifically, Dr. Ragsdale opined that "[s]ocially, despite a seeming predisposition to bouts of heightened emotionality and related mood-governed behavior, the claimant appears capable of interacting and communicating appropriately with others, even if only for discrete periods." R. 372. Dr. Ragsdale further opined that "[a]ttention span and task persistence may be irregular with respect to duration and reliability because of the psychological factors

Ragsdale's opinion (R. 16 (citing to R. 360-73).  Given the presumption that an examining physician's opinion is entitled to more weight than that of a non-examining physician, *Broughton*, 776 F.2d at 962, the Court finds that the ALJ erred in relying on Dr. Ragsdale's opinion to assign little weight to Dr. Kaplan's opinion concerning Claimant's ability to socialize.  *See Sharfarz*, 825 F.2d at 280 (concluding that the opinions of reviewing, non-examining physicians, "when contrary to those of . . . examining physicians, are entitled to little weight"); *see also Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, at *2 (11th Cir. Mar. 9, 2007) (finding the ALJ was entitled to reject the opinion of examining physician because it was contrary to the opinions of non-examining physicians, as well as inconsistent with the record, not well supported, inconsistent with the claimant's self-reports, and based on testing performed four years prior to the examination).  For these reasons, the Court finds that the ALJ's decision to assign little weight to Dr. Kaplan's opinion concerning Claimant's ability to socialize is not supported by substantial evidence.  Further, this error is not harmless, since Dr. Kaplan's opinion is crucial in determining whether Claimant meets Listing 12.04.  *See* R. 16.  Therefore, the Court finds that the matter must be reversed.[5]

The Court must next address Claimant's bald request that the case be remanded for an award of benefits.  Doc. No. 19 at 25.  Claimant devotes no portion of his brief to his request that the case be remanded for an award of benefits.  Doc. No. 19.  Instead, Claimant simply includes a request that the case be remanded for an award of benefits in the conclusion of his brief.  *Id*. at 25.  Simply put, reversal for an award of benefits is only appropriate either where the Commissioner

---

in play, but nevertheless these are adequate for completing familiar, well defined self-care, domestic, and leisure activities." *Id*.

[5] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice.  *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *See Walden*, 672 F.2d at 840.  Here, neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice.  Accordingly, Claimant's request to remand for an award of benefits is not well-taken, and the matter shall be remanded for further proceedings.

### III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 30, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Kieran McCormack
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
McCoy Federal Bldg.
100 W Capitol St.
Suite 401
Jackson, MS 39269